UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Steven Farthing,

    Petitioner,　　　　　　　　　　Case No. 2:23-cv-1865

    v.　　　　　　　　　　　　　　Judge Michael H. Watson

Jay Forshey, Warden, Noble　　　　Magistrate Judge Michael R. Merz
Correctional Institution,

    Respondent.

## OPINION AND ORDER

This is a habeas corpus case under 28 U.S.C. § 2254, brought *pro se* by Petitioner Steven Farthing ("Petitioner") to obtain relief from his conviction in the Fairfield County Court of Common Pleas for rape, gross sexual imposition, and corrupting another with drugs.  Petition, ECF No. 4 at PAGEID # 13.  It is before the Court on Petitioner's Objections, ECF No. 23, to the Magistrate Judge's Report and Recommendations ("R&R"), ECF No. 20, recommending dismissal of the Petition.

As required by 28 U.S.C. § 636(b)(3), the Court has reviewed these proceedings de novo with particular attention to Petitioner's specific objections. Having done so, the Court finds the Objections are not well taken, and they are **OVERRULED** for the following reasons.

I.  **Ground One:  Jury Misconduct by Infringement on the Privilege Against Self-Incrimination**

In his First Ground for Relief, Petitioner claims his Fifth Amendment privilege to remain silent and not testify against himself was infringed by jury misconduct in that the jury held his failure to testify against him.  Petitioner learned that the jury held his failure to testify against him because his trial attorney had interviewed the jury after the verdict.  The issue was raised in his motion for judgment of acquittal under Ohio Rule of Criminal Procedure 29, but the trial judge did not grant that motion,[1] and Petitioner did not include this claim in his direct appeal.  On that basis, the Magistrate Judge recommended this claim be denied as procedurally defaulted.  R&R, ECF No. 20 at PAGEID # 1292.

Petitioner objects that a failure to exhaust a state court remedy which is no longer available at the time the habeas petition is filed does not bar the habeas petition. Obj., ECF No. 23 at PAGEID # 1315 (citing *Fay v. Noia,* 372 U.S. 391 (1963) and *Keener v. Ridenour*, 594 F.2d 591 (6th Cir. 1979)).

On this particular point, *Fay* has been overruled by *Wainwright v. Sykes*, 433 U.S. 72 (1977).  The Magistrate Judge particularly cited *Wainwright* as controlling on this point.  R&R, ECF No. 20 at PAGEID # 1291.

Petitioner also argues that the ineffectiveness of his appellate counsel

---

[1] Under Ohio law, a motion made in the trial court but not decided as of the time of appeal is deemed to have been denied. *Kostelnik v. Helper,* 96 Ohio St. 3d 1, 3 (2002) (citing *State ex rel. V Cos. v. Marshall* (1998), 81 Ohio St.3d 467, 469 (1998)); *Pentaflex v. Express Servs., Inc.*, 130 Ohio App. 3d 209, 217 (2d Dist.1998); *State v. Harden,* 2012-Ohio-1657, ¶ 23 (Ohio App. 2d Dist. 2012).

should excuse this default. Obj., ECF No. 23 at PAGEID # 1315–16. However, as the Magistrate Judge also noted, ineffective assistance of appellate counsel will excuse a procedural default only if that claim itself is not defaulted. R&R, ECF No. 20 at PAGEID # 1287 (citing *Edwards v. Carpenter*, 529 U.S. 446 (2000)). Because the manner of raising a claim of ineffective assistance of appellate counsel under Ohio law is only by application for reopening the appeal, and Petitioner's time to move for reopening had expired, Petitioner had defaulted on his ineffective assistance of appellate counsel claim.

This objection therefore lacks merit, and the Magistrate Judge correctly determined that Ground One was procedurally defaulted.

**II.    Ground Two: Improper Exclusion of Evidence of Alternate Perpetrator and Invalidity of Ohio's Rape Shield Law**

In his Second Ground for Relief, Petitioner claims his rights under the Due Process Clause, the Confrontation Clause, and the Compulsory Process Clause were violated by exclusion of proffered evidence of an alternate perpetrator in part under the Ohio Rape Shield statute, which he asserts is unconstitutional.

The Magistrate Judge concluded this claim was procedurally defaulted because it was never raised in the Ohio courts until Petitioner's appeal from denial of his petition for post-conviction relief. When the appeals court declined to consider the issue because it had not been raised in the trial court, Petitioner, who was proceeding *pro se*, omitted it from his appeal to the Ohio Supreme Court.

Petitioner objects on the same basis he sought to excuse this default: page limitations by the Ohio Supreme Court in a memorandum in support of jurisdiction. Obj., ECF No. 23 at PAGEID # 1316.

The objection is overruled. As the Magistrate Judge noted, virtually every appellate court in the United States imposes a paged limit on briefing, and those limits have never been held to be unconstitutional by the Supreme Court. Petitioner admits it was his choice to omit this claim and precedent requires that every issue presented in habeas be first presented to the state courts. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). Ground Two, also, was procedurally defaulted.

## III. Ground Three: Ineffective Assistance of Trial Counsel

Petitioner claimed in his petition for post-conviction relief that his trial attorney was ineffective by failing to present DNA and polygraph evidence at trial. The trial court held this claim was barred by Ohio's doctrine of *res judicata* in criminal cases, to wit, that a claim which could have been presented on direct appeal is barred by *res judicata* from being present in post-conviction. The Fifth District Court of Appeals affirmed on this basis, and the Magistrate Judge upheld this ruling as establishing a procedural default of Ground Three. R&R, ECF No. 20 at PAGEID # 1295–96.

In his Objections, Petitioner does not discuss at all the Magistrate Judge's or the state courts' rulings on *res judicata*. *See* Obj., ECF No. 23 at PAGEID # 1316, *et seq*. Instead, he argues he has submitted proof of his actual innocence, to wit, the documents attached to his Motion to Expand the Record.

ECF No. 15.  Magistrate Judge Merz, to whom the Magistrate Judge reference in this case was transferred on May 30, 2024, denied that Motion by Notation Order on June 5, 2024, citing *Cullen v. Pinholster,* 563 U.S. 170 (2011).  ECF No. 19[2].  In the R&R, he reiterated the basis of that denial.  ECF No. 20 at PAGEID # 1301.

Petitioner asserts that the documents he seeks to add to the record are proof of his actual innocence and therefore excuse his procedural default of this ground for relief.  This case was tried from September 17 through September 19, 2019.  State Court Record, ECF No. 9; Tr., Ex. 9-9 at PAGEID # 607.  Thus, the documents sought to be added to the record existed at the time of trial and were in fact available to his trial attorney.  In addition to citing them as proof of his innocence, he cites them as proof of the ineffective assistance of his trial counsel who did not move to admit them in evidence.

While the state courts and the Magistrate Judge held the ineffective assistance of trial counsel claim was barred by *res judicata*, they also noted that claim was rebutted by the content of the trial attorney's affidavit in post-conviction.  R&R, ECF No. 20 at PAGEID # 1295.  The Court agrees.  The submitted documents sought to be added to the record do not prove Petitioner's

---

[2] Mention of the Motion to Expand in the caption of the R&R and of its ripeness for decision, ECF No. 20 at PAGEID # 1283, are surplusage since the Motion had already been decided, although the R&R repeats the citation to *Pinholster*.  Petitioner's objections to denial of the Motion to Expand are timely because filed within the extension of time granted by the Magistrate Judge.  ECF Nos. 21 & 22.

actual innocence; in the absence of an expert opinion as to what they show, Petitioner's claim that they show actual innocence is speculative. "[A] petitioner does not meet the threshold requirement [of proving the actual innocence gateway] unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

This Court is not persuaded Petitioner has proved his actual innocence. In analyzing Petitioner's Fifth Ground for Relief, lack of sufficient evidence, the Magistrate Judge quotes at length from the opinion of the Court of Appeals on direct appeal which recites direct testimony of the victim with corroborating detail as well as the testimony of health care personnel who examined her. As the Magistrate Judge concluded, that evidence is more than sufficient for conviction. At most the documents sought to be added would have possibly undermined the direct testimony, at least if coupled with some expert explanation of the documents. Evidence which merely undermines the State's case is insufficient to prove actual innocence. *Hubbard v. Rewerts*, 98 F.4th 736 (6th Cir. Apr. 16, 2024).

This objection therefore also lacks merit, and Ground Three is procedurally defaulted.

## IV. Ground Four: Ineffective Assistance of Post-Conviction Counsel

In his Fourth Ground for Relief, Petitioner claims he received ineffective assistance of counsel from his post-conviction attorney. The Magistrate Judge

recommended dismissal of this claim for failure to state a claim on which habeas corpus relief could be granted because there is no constitutional right to counsel in post-conviction proceedings.  R&R, ECF No. 20 at PAGEID # 1302.

Petitioner objects only that the Supreme Court has held ineffective assistance of post-conviction counsel can constitute cause to excuse failure to present an ineffective assistance of trial counsel claim if a State requires ineffective assistance of trial counsel claims to be presented for the first time in a collateral attack on the conviction.  Obj., ECF No. 23 at PAGEID # 1318 (citing *Martinez v. Ryan*, 566 U.S. 1 (2012)).

But Ohio is not such a State.  Consistent with prior law, the Fifth District Court of Appeals held in this case that Petitioner's ineffective assistance of trial counsel claim was barred in post-conviction by *res judicata* because it could have been, but was not, raised on *direct appeal*.  As the R&R notes, the Sixth Circuit has repeatedly upheld Ohio's criminal *res judicata* doctrine as an independent and adequate state ground of decision.

This objection is overruled; Ground Four is not cognizable on habeas review.

**V. Ground Five:  Insufficient Evidence**

In his Fifth Ground for Relief, Petitioner asserts his conviction is not supported by sufficient evidence.  The R&R concluded that the Fifth District's analysis of this claim was completely consistent with the relevant federal standard enunciated in *Jackson v. Virginia*, 443 U.S. 307 (1979), and thus

entitled to deference under the AEDPA.

Petitioner objects "the exculpatory evidence outweighs any alleged evidence of guilt in this matter." Obj., ECF No. 23 at PAGEID # 1320. This amounts to a reiteration of Petitioner's claim made in the state courts that his conviction is against the manifest weight of the evidence. But as the Magistrate Judge made clear in the R&R, this is not a claim cognizable in habeas corpus. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986). In deciding a sufficiency of the evidence claim, federal courts do not "reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury." *See United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993).

This objection is likewise overruled, and Ground Five fails on the merits.

**V.    Conclusion**

Based on the foregoing analysis, Petitioner's Objections are **OVERRULED**, and the Magistrate Judge' R&R is **ADOPTED**. The Clerk shall enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability, and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

           */s/ Michael H. Watson*
     **MICHAEL H. WATSON, JUDGE**
     **UNITED STATES DISTRICT COURT**